IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLEXIBLE STEEL LACING COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>CONVEYOR ACCESSORIES, INC.<br><br>Defendant. | Case No.<br><br>COMPLAINT<br><br>Jury Trial Demanded |

Plaintiff Flexible Steel Lacing Company ("Flexco"), through its attorneys, complains as follows against Defendant Conveyor Accessories, Inc. ("CAI").

## NATURE OF THE ACTION

1. This is a complaint for Defendant's state and federal trademark infringement and unfair competition under state and federal statutes and under common law.

2. As described more fully below, Defendant wrongfully and willfully adopted, made, advertised, promoted, offered for sale and sold conveyor belt fasteners having a non-functional product configuration confusingly similar to that of Flexco's Trade Dress trademarks for Flexco's conveyor belt fasteners.

## THE PARTIES

3. Flexco is an Illinois corporation with a principal place of business located at 2525 Wisconsin Avenue, Downers Grove, Illinois.

4. Upon information and belief, Defendant CAI is a Delaware corporation with its principal place of business located at 7013 High Grove Boulevard, Burr Ridge, Illinois 60527.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §1121 and 28 U.S.C. §1331 and §1338(a) because Flexco's claims for federal trademark infringement and federal unfair competition arise under the laws of the United States.

6. This Complaint also includes a claim for common law unfair competition. This Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. §1338(b), as its claim for common law unfair competition is joined with a substantial and related claim under the federal trademark laws, 15 U.S.C.

7. This Complaint also includes claims for common law trademark infringement and violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510. This Court has supplemental subject matter jurisdiction over the claims for common law unfair competition, common law trademark infringement and the Illinois Uniform Deceptive Trade Practices Act under 28 U.S.C. §1367(a) because these claims are so related to at least one of the remaining claims in this complaint that they form part of the same case or controversy under Article III of the United States Constitution.

8. This Court has personal jurisdiction over Defendant because it transacts business in this District by, on information and belief, using, promoting, making, offering to sell and selling products, including its accused conveyor belt fasteners, to customers in this district.

9. Venue is proper in this District under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in this District, Defendant is subject to this Court's personal jurisdiction with respect to this action in this District, does business in and has committed acts of infringement in this District, has systemic and continuous business

connections and contacts with this District and has a regular and established place of business in this District.

## FACTUAL BACKGROUND/DEFENDANT'S INFRINGING ACTIVITIES

10. Since its founding in 1907, Flexco has been an industry leader in conveyor belt fasteners. In February 1999, Flexco adopted its distinctive trade dress for certain of its conveyor belt fastener products that is referred to as the "Scalloped Edge®" design. Flexco obtained a design patent, U.S. Patent No. Des. 423,749, attached as Exhibit 1, from the United States Patent and Trademark Office covering the ornamental design for Flexco's Scalloped Edge® conveyor belt fasteners. Flexco has also obtained trademark registrations from the United States Patent and Trademark Office for its trade dress ("Registered Trade Dress") related to the product configurations of the Scalloped Edge® conveyor belt fasteners as shown in the following table, which Registered Trade Dress can be located on any one or on both sides of such fasteners:

| Registered Trade Dress Mark | Design Element (shown in solid lines) | Goods/Services |
|---|---|---|
| U.S. Reg. No. 4,971,326<br><br>Conveyor Belt Fastener Design<br><br>Registered June 7, 2016<br><br>First Use February 1999<br><br>Attached as Exhibit 2 | | Class 6: Metal fasteners, namely hinged fasteners for conveyor belts.<br><br>Notes: The mark consists of a three-dimensional configuration of the curved beveled scalloped upper edge of a metal fastener. The material shown in dotted lines shows the position of the mark in relation to the rest of the goods and is not considered a part of the mark. |

3

| Registered Trade Dress Mark | Design Element (shown in solid lines) | Goods/Services |
|---|---|---|
| U.S. Reg. No. 4,975,848<br><br>Conveyor Belt Fastener Design<br><br>Registered June 14, 2016<br><br>First Use February 1999<br><br>Attached as Exhibit 3 |  | Class 6: Metal fasteners, namely hinged fasteners for conveyor belts.<br><br>Notes: The mark consists of a three-dimensional configuration of a metal fastener with a beveled top edge with a scalloped shape, straight side edges, two rectangular legs, and a curved upside down U-shaped notch between the two legs. The material shown in dotted lines shows the position of the mark in relation to the rest of the goods and is not considered a part of the mark. |

11.    Because Flexco has obtained Registered Trade Dress protection related to the product configurations of the Scalloped Edge® conveyor belt fasteners, there is a statutory presumption that the product configuration trademarks are valid, that Flexco is the owner of the marks, and that Flexco has the exclusive right to use the registered marks. In addition, the Registered Trade Dress is proof that these product configuration trademarks have acquired secondary meaning. Thus, the Registered Trade Dress are strong marks.

300113479v1 0998705

12. Flexco has common law trade dress rights ("Common Law Trade Dress") under Illinois common law corresponding to: (1) the aforesaid Registered Trade Dress marks; and (2) the following fastener design:

| Common Law Trade Dress | Design Element (shown in solid lines) | Goods/Services |
|---|---|---|
| Conveyor Belt Fastener Design<br><br>First Use February 1999 | | Metal fasteners, namely hinged fasteners for conveyor belts.<br><br>Notes: The mark consists of a three-dimensional configuration of a metal fastener with a beveled top edge with a scalloped shape that can be located on any one or on both sides of the metal fastener as shown in the accompanying design element drawings of the trade dress mark. The material shown in dotted lines is not part of the mark. |

300113479v1 0998705

13. Flexco's Common Law Trade Dress is distinctive, non-functional and has acquired secondary meaning. Flexco has continuously used the distinctive Common Law Trade Dress associated with the Scalloped Edge® fastener since 1999. Flexco has been the exclusive legally authorized provider of such distinctive trade dress since the creation of the Scalloped Edge® fastener and its entry into the marketplace.

14. Since 1999, Flexco's gross revenue for its Scalloped Edge® fastener in the United States has exceeded $77,000,000. Flexco has spent over about $500,000 on advertising and attending trade shows where it promoted its Common Law Trade Dress since the Scalloped Edge® fastener was introduced into the market.

15. Flexco's Common Law Trade Dress of its Scalloped Edge® fastener is primarily used in the coal mining industry and Flexco has extensively advertised its distinctive trade dress in a variety of coal mining publications since 1999. Such trade publications include *Coal People, Coal Age, International Mining Quarterly Review, World Coal, Engineering & Mining Journal,* along with a variety of other trade publications in the coal mining industry. The Scalloped Edge® Common Law Trade Dress has also been promoted at trade shows throughout the country since 1999, including trade shows in Kentucky, West Virginia, Pennsylvania, Nevada, Missouri, Louisiana, Illinois, California, Idaho, Colorado, Georgia, Nebraska, Utah, Oklahoma, North Dakota and Texas.

16. Also, more than 10,000 pieces of product literature that displays and promotes the Common Law Trade Dress have been distributed to Flexco distributors and end users – i.e. coal miners - in the United States since 1999. Through Flexco's many years and exclusivity of sales of its Scalloped Edge® fastener, marketing efforts, prominent displays at trade shows and product literature promoting the Common Law Trade Dress of the Scalloped Edge® fastener, a

300113479v1 0998705

substantial number of distributors and end users in the coal mining industry have come to recognize that the Scalloped Edge® Common Law Trade Dress is distinctive and that Flexco is the source of that product based on its distinctive shape.

17. The distinctive Common Law Trade Dress of the Scalloped Edge® fastener is non-functional because it: a) is not essential to the use or purpose of the Flexco Scalloped Edge® fastener; b) does not affect the cost or quality compared to other alternative designs that competitors could use for their own products ; c) would not put competitors at a significant disadvantage if they could not use the distinctive shape in connection with their own products; and d) was the subject of issued U.S. Design Patent No. D423,749, which is further evidence of the non-functionality of the Flexco Registered and Common Law Trade Dress. Because Flexco's Common Law Trade Dress related to its Scalloped Edge® fastener is distinctive and non-functional, it is entitled to product configuration trademark protection. Accordingly, Flexco's Registered Trade Dress and Common Law Trade Dress collectively are referred to herein as "Flexco Trade Dress."

18. On information and belief, Defendant manufactured in the United States conveyor belt fasteners that infringed the Flexco Trade Dress. After learning of Defendant's unauthorized and unlawful use of the Flexco Trade Dress, Flexco requested that Defendant cease use of the Flexco Trade Dress.

19. All of the above Flexco Trade Dress of Flexco's fasteners has been in use in the United States since at least 1999.

20. The Flexco Trade Dress is unique and distinctive when applied to the Flexco fasteners, and identifies the merchandise as high-quality goods from Flexco. The registration of these marks constitutes *prima facie* evidence of their validity, and conclusive evidence of

300113479v1 0998705

Flexco's exclusive right to use the Flexco Trade Dress in connection with the goods identified therein and other commercial goods.

21. An example of Flexco's conveyor belt fasteners having the Flexco Registered Trade Dress and Common Law Trade Dress is shown below:



22. The Flexco Trade Dress is inherently distinctive or has acquired distinctiveness, and is non-functional.

23. Flexco is informed and believes that Defendant CAI has designed, marketed, distributed, and sold conveyor belt fasteners that are confusingly similar to and that unlawfully copy the Flexco Trade Dress in violation of Flexco's rights ("the Infringing Fasteners").

24. Defendant's Infringing Fasteners manufactured, marketed, and sold by Defendant include the model "R-5½." Other examples of Defendant's Infringing Fasteners include its model designations RS-5, R-6, RC-6, TRC-6 and RC-8.

25. Defendant's Infringing Fasteners unlawfully copy and use the Flexco Trade Dress and distinctive non-functional features of Flexco's fasteners, including the curved, beveled, scalloped upper edge, which is illustrated in the following photographs of the genuine Flexco model SR R-5½ fastener and of Defendant's infringing model R-5½ fastener:

300113479v1 0998705

| | |
|---|---|
|  Genuine Flexco SR R-5½ Fastener |  CAI Riv-Nail™ R-5½ Infringing Fastener |
|  Genuine Flexco SR R-5½ Fastener |  CAI Riv-Nail™ R-5½ Infringing Fastener |

300113479v1 0998705



Genuine Flexco SR R-5½ Fastener



CAI Riv-Nail™ R-5½ Infringing Fastener

26. CAI's Infringing Fastener includes a curved, beveled, scalloped edge and the overall commercial impression is confusingly similar to the commercial impression of the Flexco Trade Dress.

27. Flexco is informed and believes that the Infringing Fastener is used primarily in the coal mining industry, which is the same industry in which the Flexco Trade Dress is used.

28. Flexco markets and promotes the Flexco Trade Dress on its website. CAI markets and promotes the Infringing Fastener on its website. Thus, both parties use their respective websites to market, promote and offer for sale their products – including the Flexco fasteners having the Flexco Trade Dress and the Infringing Fasteners - to distributors and end users in the coal mining industry.

29. In addition, both Flexco and CAI attend the same trade shows in which they promote their products to distributors and end users in the coal mining industry. In that regard,

10

both the Flexco fasteners having the Flexco Trade Dress and the Infringing Fasteners are marketed and promoted to the same consumers in the same trade channels.

30. Flexco is informed and believes that the Infringing Fasteners are regularly made, advertised for sale, sold and transferred to a common carrier from Defendant in Illinois and in the Northern District of Illinois.

31. Defendant CAI's offering for sale and sale of the Infringing Fasteners is likely to cause confusion between Flexco's fasteners and CAI's fasteners.

32. Flexco gave Defendant CAI actual notice of its infringing activities, specifically that CAI is infringing Flexco's U.S. Trademark Registrations Nos. 4,975,848 and 4,971,326 by marketing and selling its fasteners having a curved, beveled scalloped edge, such as the CAI R-6 fasteners on or about September 17, 2016.

33. Upon information and belief, Defendant CAI is familiar with Flexco's reputation for high quality fasteners and Flexco Trade Dress, which Flexco has sold in the United States and various foreign countries for more than 15 years. CAI intentionally copied the Flexco Trade Dress in its Infringing Fasteners in order to capitalize on the reputation and fame of Flexco's products. CAI was notified by Flexco in writing of CAI's infringing activities on October 5, 2016. On information and belief, CAI failed to obtain competent advice of counsel and CAI willfully disregarded Flexco's rights and claimed that CAI "can continue to offer to sell and sell its RIV NAIL products without concern of infringing any of Flexco's intellectual property rights, and we consider this matter closed." This is an "exceptional case" of infringement within the meaning of 15 U.S.C. §1117(a) because CAI knowingly and intentionally copied Flexco's Trade Dress, and Flexco is entitled to treble damages and reasonable attorney's fees under at least 15 U.S.C. §§1117(a) and 1117(b).

300113479v1 0998705

34. The use of the Flexco Trade Dress on the Infringing Fasteners suggests a sponsorship and affiliation that does not exist.

35. CAI has no right to use the Flexco Trade Dress. CAI's sale, advertisement, distribution, and promotion of the Infringing Fasteners in the United States is without authorization or consent from Flexco.

36. CAI's conduct in copying the Flexco Trade Dress has been systematic and deliberate. CAI has copied the Flexco Trade Dress, and the overall style and configuration of Flexco's fasteners in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Flexco's fasteners.

37. By reason of CAI's acts, Flexco has suffered and will continue to suffer damage to its business, reputation, and goodwill, and the loss of sales and profits Flexco would have realized but for CAI's acts. Unless restrained and enjoined, CAI will continue to engage in the acts complained of and irreparably damage Flexco. Flexco's remedy at law is not adequate to compensate Flexco for all the resulting injuries arising from CAI's actions.

## COUNT I
**(Trademark Infringement in Violation of Lanham Act Section 32, 15 U.S.C. §1114)**

38. Flexco realleges and incorporates herein by reference paragraphs 1 through 37 of this Complaint.

39. Defendant has, on or in connection with conveyor belt fastening products, used in commerce subject to regulation by the U.S. Congress, a reproduction, copy or colorable imitation of the Flexco Trade Dress covered by U.S. Reg. Nos. 4,971,326 and 4,975,848 in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

300113479v1 0998705

40. Defendant has, on or in connection with conveyor belt fastening products, reproduced, copied and/or imitated the Flexco Trade Dress and has applied such reproductions, copies and/or colorable imitations to Defendant's conveyor belt fasteners, advertisements, promotional materials, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

41. Defendant is acting and has acted with knowledge that its copying and use of the Flexco Trade Dress is unauthorized, and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

42. Defendant's acts are in violation of 15 U.S.C. §1114, and Flexco has been and is likely to be damaged by these acts.

## COUNT II

**(Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. §1125(a))**

43. Flexco realleges and incorporates herein by reference paragraphs 1 through 42 of this Complaint.

44. Defendant's unlawful copying and use of the Flexco Trade Dress in connection with its conveyor belt fastener products is a false and misleading designation of origin and a false and misleading representation of facts, which:

   a. is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Flexco, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by Flexco; and/or

300113479v1 0998705

  b. in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Defendant's goods, services, or commercial activities.

45. Defendant's acts are in violation of 15 U.S.C. §1125(a), and Flexco has been and is likely to be damaged by these acts.

## COUNT III
### Common Law Unfair Competition

46. Flexco realleges and incorporates herein by reference paragraphs 1 through 45 of this Complaint.

47. Defendant's use and imitation of Flexco's Common Law Trade Dress constitutes infringement, copying, imitation, and misappropriation of Flexco's intellectual property, unjust enrichment of Defendant, and unfair competition with Flexco in violation of Flexco's rights under the common law of the State of Illinois.

48. Defendant's willful acts of misrepresentation and deceit have unjustly enriched Defendant and violated Flexco's rights.

## COUNT IV
### Common Law Trademark Infringement

49. Flexco realleges and incorporates herein by reference paragraphs 1 through 48 of this Complaint.

50. Flexco's Common Law Trade Dress is distinctive of conveyor belt fasteners in the minds of the relevant public as denoting a single source, origin or sponsorship of such conveyor belt fasteners.

51. Flexco is the owner of all right, title and interest in and to Flexco's Common Law Trade Dress used by Flexco, by virtue of Flexco's extensive manufacture and sale of products bearing the Trade Dress, as set forth in the preceding paragraphs of this Complaint.

300113479v1 0998705

52. The Infringing Fasteners advertised, distributed, offered for sale and sold by Defendant bears Flexco's Common Law Trade Dress that replicates and imitates Flexco's Common Law Trade Dress. Such unauthorized use by Defendant of an imitation of Flexco's common law trademark constitutes trademark infringement under Illinois common law, and is likely to cause confusion and mistake in the minds of the purchasing public as to the source of the products and to cause purchasers to believe such products are products authorized by Flexco when, in fact, they are not.

53. Upon information and belief, Defendant has willfully and intentionally misappropriated Flexco's Common Law Trade Dress with the intent of causing confusion, mistake, and deception as to the source of its goods and with the intent to palm off its goods as those of Flexco's and to place others in the position to palm off its goods as those of Flexco's, and as such, Defendant has committed trademark infringement under Illinois common law.

54. By such actions in infringing Flexco's Common Law Trade Dress, Defendant is improperly trading upon the enviable reputation and goodwill of Flexco and impairing Flexco's valuable rights in and to such Flexco Common Law Trade Dress.

55. Upon information and belief, Defendant committed the above-alleged acts in conscious disregard of Flexco's rights, and Flexco is therefore entitled to exemplary and punitive damages pursuant to the common law of the State of Illinois.

56. Flexco has no adequate remedy at law. The conduct of Defendant has caused and, if not enjoined, will continue to cause, irreparable damage to Flexco's rights in and to its Common Law Trade Dress, and to Flexco's business, reputation and goodwill.

300113479v1 0998705

## COUNT V

## Violation of Illinois Uniform Deceptive

## Trade Practices Act, 815 ILCS 510/2

57. Flexco realleges and incorporates herein by reference paragraphs 1 through 56 of this Complaint.

58. Defendant has passed off and is passing off its conveyor belt fasteners as authentic conveyor belt fasteners originating from Flexco.

59. Defendant has caused and is causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of Defendant's conveyor belt fasteners.

60. Defendant has caused and is causing likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, Flexco.

61. By its acts recited in any of the above three paragraphs, Defendant has committed and continues to commit a deceptive trade practice proscribed by 815 ILCS 510/2(a).

62. Upon information and belief, in committing any of the above alleged acts, Defendant willfully engaged in a deceptive trade practice, and Flexco is therefore entitled to both costs and attorney's fees as well as exemplary and punitive damages.

63. Flexco has no adequate remedy at law. The conduct of Defendant has caused and, if not enjoined, will continue to cause, irreparable damage to Flexco's rights in and to its Registered and Common Law Trade Dress, and to Flexco's business, reputation and goodwill.

## PRAYER FOR RELIEF

Wherefore, Flexco prays for judgment in its favor and against Defendant:

A. A permanent injunction enjoining Defendant, its officers, shareholders, agents, servants, employees, attorneys, successors and assigns, suppliers, manufacturers, distributors,

300113479v1 0998705

business partners, e-tailers, retailers, and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from manufacturing, marketing, distributing, offering to sell or selling the Infringing Fasteners or any other products that use, imitate or copy any of the Flexco Registered and Common Law Trade Dress or Trademarks, as illustrated in Exhibits 2-3 and in paragraph 12 hereto, or any combination of them.

      B.      An Order that (1) all marketing materials, labels, signs, boxes, prints, brochures, catalogs, line sheets, internet web pages, metatags, packages, papers, other trade dress, and/or advertisements in the possession or control of Defendant bearing images, illustrations, or representations of the enjoined Fasteners, Trade Dress, and all plates, molds, matrixes, and other means of making the same, be delivered to Flexco's counsel or destroyed in accordance with written instructions from Flexco; (2) that Defendant disclose the identities of the vendors, manufacturers, distributors, suppliers, retailers, and e-tailers of the Infringing Fasteners; (3) Fasteners bearing any of the Trade Dress identified in Exhibits 2-3 and in paragraph 12 hereto be delivered to Flexco or destroyed in accordance with written instructions from Flexco; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to the Infringing Fasteners, or any version of the Flexco Trade Dress be immediately discontinued and removed from operation or view.

      C.      An Order directing Defendant to file with this Court and serve on Flexco's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

      D.      An accounting for Defendant's profits arising from Defendant's unfair competition and trademark infringement and an award of Defendant's profits to Plaintiff, including disclosure

300113479v1 0998705

of the number of Infringing Fasteners sold in the United States and an accounting for the gross revenue derived from sale of the Infringing Fasteners.

  E. An award of damages sustained by Plaintiff.

  F. An award of treble the actual damages awarded.

  G. Pre-judgment and post-judgment interest on the above damage awards.

  H. An award of costs and reasonable attorney's fees and expenses incurred by Flexco in connection with this action.

  I. Such other and further relief that this Court may deem just, proper and equitable under the circumstances.

### DEMAND FOR JURY TRIAL

Flexco hereby demands a trial by jury.

Dated: July 28, 2017

Respectfully submitted,

 /s/James D. Ryndak
James D. Ryndak (2435942)
Patrick L. Patras (6210929)
Roger M. Masson (6283475)
**HINSHAW & CULBERTSON LLP**
222 North LaSalle Street, Suite 300
Chicago, Illinois 60601
Tel: (312) 704-3000
Fax: (312) 704-3001
*Attorneys for Flexible Steel Lacing Company*